**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No.** 26-mj-8670-BER

**UNITED STATES OF AMERICA**

**v.**

**JAVIER DE JESUS CARIAS, and**
**EXON GOMEZ-PERALTA,**

**Defendants.** /

## CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to October 3, 2019 (Mag. Judge Jared M. Strauss)? ☐ Yes ☑ No

2. Did this matter involve the participation of or consultation with Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023? ☐ Yes ☑ No

3. Did this matter involve the participation of or consultation with now Magistrate Judge Marty Fulgueira Elfenbein during her tenure at the U.S. Attorney's Office, which concluded on March 5, 2024? ☐ Yes ☑ No

4. Did this matter involve the participation of or consultation with Magistrate Judge Ellen F. D'Angelo during her tenure at the U.S. Attorney's Office, which concluded on October 7, 2024? ☐ Yes ☑ No

5. Did this matter involve the participation of or consultation with Magistrate Judge Yeney Hernandez during her tenure at the U.S. Attorney's Office, which concluded on April 2, 2026? ☐ Yes ☑ No

Respectfully submitted,

JASON A. REDING QUIÑONES
UNITED STATES ATTORNEY

BY: Suzanne Huyler

Suzanne Huyler
ASSISTANT UNITED STATES ATTORNEY
Florida Bar No.
500 South Australian Avenue, Suite 400
West Palm Beach, Florida 33401
Tel: (561) 820-8711
Fax: (561) 820-8777
Email: Suzanne.Huyler@usdoj.gov

AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT

for the

Southern District of Florida

United States of America
v.
Javier De Jesus Carias, and
Exon Gomez-Peralta

Defendant(s)

Case No. 26-mj-8670-BER

FILED BY TM D.C.
Aug 25, 2026
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - WPB

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of 11/3/2026-4/1/2026 in the county of Palm Beach in the Southern District of Florida, the defendant(s) violated:

| *Code Section* | *Offense Description* |
|---|---|
| 21 U.S.C. § 841(a)(1) | Distribution of a Controlled Substance |
| 21 U.S.C. § 846 | Conspiracy to Distribute a Controlled Substance |
| 18 U.S.C. § 924(c)(1)(A) | Possession of a Firearm During and in Relation to a Drug Trafficking crime (Javier De Jesus Carias) |

This criminal complaint is based on these facts:

See Attached Affidavit.

☑ Continued on the attached sheet.

Andrea P. Boone
*Complainant's signature*

DEA SA Andrea Boone
*Printed name and title*

Sworn to and attested to me by applicant by telephone (Facetime) per the requirements of Fed. R. Crim. P.4 (d) and 4.1.

Date: 08/25/2026

Bruce Reinhart
*Judge's signature*

City and state: West Palm Beach, FL

Bruce E. Reinhart, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Andrea P. Boone, being duly sworn do hereby depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1. I am a Special Agent with Drug Enforcement Administration (DEA) and have served in that capacity since January 2018. During my career in law enforcement, I have acquired work experience and specialized training in narcotics related investigations, including drug trafficking, clandestine narcotics manufacturing, narcotics importation, narcotics transportation, Title-III intercepts, electronic surveillance, use of telecommunications as a means to facilitate criminal activity and conspiracy to commit illicit drug related crimes. During these investigations, I have participated in the execution of search warrants, and debriefed or participated in debriefings of defendants, informants, and witnesses who had personal knowledge regarding drug trafficking organizations. The aforementioned investigations resulted in the arrest and prosecution of numerous individuals for narcotics violations under both state and federal law.

2. This affidavit is made in support of a Criminal Complaint and Arrest Warrant charging **Javier DE JESUS CARIAS, (**hereinafter "**DE JESUS CARIAS**") and **Exon GOMEZ-PERALTA, (**hereinafter "**GOMEZ-PERALTA**") with distribution of a controlled substance, in violation of 21 § 841 (a)(1), and conspiracy to distribute a controlled substance, in violation of 21 U.S.C. § 846, and **DE JESUS CARIAS** with possession of a firearm during and in relation to a drug trafficking crime, in violation of Title 18, U.S.C. 924(c) (1) (A).

3. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other law enforcement officers. The limited purpose of this affidavit is to establish probable cause for the offenses described above. Accordingly, this affidavit does not set forth every fact that is known to me, or other law enforcement officers.

## PROBABLE CAUSE

4. Federal law enforcement agents are investigating a drug trafficking organization (DTO) which includes **Javier DE JESUS CARIAS** (hereinafter "**DE JESUS CARIAS**"), who has coordinated or personally conducted numerous drug transactions with a DEA Task Force Officer acting in an undercover capacity (UC).

5. On or about November 3, 2025, the UC text messaged DE JESUS CARIAS using 772-361-5835 (TARGET TELEPHONE 1). The UC asked for the price for the "28" (ounce of cocaine), to which DE JESUS CARIAS replied "9", indicating the price as $900 an ounce.

6. On or about November 4, 2025, the UC called DE JESUS CARIAS' TARGET TELEPHONE 1 to coordinate the one-ounce cocaine transaction. At approximately 6:25 PM, the UC sent a text message to DE JESUS CARIAS advising that his arrival would be in 10 minutes. DE JESUS CARIAS replied, "to wait because the boy as of now is coming to the shop". Agents believed "the boy" referenced by DE JESUS CARIAS was an associate previously identified by law enforcement as **GOMEZ-PERALTA**.

7. The UC told DE JESUS CARIAS that he was in the area of the BJ'S restaurant located in the 1800 block of Palm Beach Lakes Blvd, West Palm Beach, FL. Moments later, DE JESUS CARIAS replied that his associate was close and to answer the call. During this time, the UC was receiving an incoming phone call from phone number 561-229-9110 which was used by **GOMEZ-PERALTA**. **GOMEZ-PERALTA** asked the UC for his exact location. Shortly after, the UC observed the white Toyota Camry arrive driven by **GOMEZ-PERALTA**. The UC met with **GOMEZ-PERALTA** and exchanged U.S. Currency for a clear baggie containing suspected

cocaine wrapped in aluminum foil. The suspected cocaine weighed approximately 28.7 grams and was field tested using a presumptive test kit which produced a positive reaction for cocaine.

**Cocaine and Firearm Controlled Purchase**

8. On or about January 17, 2026, the UC began communicating with **DE JESUS CARAIS** using telephone number 772-867-3273 (TARGET TELEPHONE 2).

9. On or about February 13, 2026, **DE JESUS CARIAS** and the UC met in the parking lot in front of 1862 Abbey Rd, Apt. 816, West Palm Beach, FL (TARGET RESIDENCE 1). Agents conducting surveillance observed **DE JESUS CARIAS** descend the exterior second floor staircase from the apartment building where TARGET RESIDENCE 1 is located prior to meeting the UC. During this meeting, among various topics, the UC inquired about purchasing a firearm, the pricing and ability to acquire kilograms of cocaine.

10. On or about February 18, 2026, the UC placed an outgoing phone call to **DE JESUS CARIAS** to the TARGET TELEPHONE and ordered four (4) ounces of cocaine for $850 each. The UC told DE JESUS CARIAS that he needed a firearm because he was selling cocaine. **DE JESUS CARIAS** gave the UC a price of $750 for the firearm and agreed to meet the UC in the area of TARGET RESIDENCE 1. As the UC arrived in the parking lot of TARGET RESIDENCE 1, **DE JESUS CARIAS** was observed entering the front passenger side of the Chevrolet Corvette bearing tag Y65PQU. Minutes later, upon exiting the vehicle, **DE JESUS CARIAS** met the UC inside the UC's undercover vehicle. While inside of the UC's vehicle, **DE JESUS CARIAS** reached into his front left pocket and removed a vacuum sealed bag that contained four (4) separate baggies that contained a white powdery substance. **DE JESUS CARIAS** handed the bag to the UC. At the same time, **DE JESUS CARIAS** reached into his front waist band and pulled out a silver and black handgun which was concealed in a black sock and began showing the UC the

firearm. Upon handing the firearm to the UC, the UC handed **DE JESUS CARIAS** $750 for the firearm, and $3400 for the four (4) ounces of cocaine. During this transaction, **DE JESUS CARIAS** told the UC he could provide the UC with a big one (kilogram of cocaine) for $18,500.

11. The substance in the four (4) baggies tested positive for the presence of cocaine and weighed a total packaging weight of 125 grams. The firearm was identified as a Smith and Wesson SW9VE 9MM semi-automatic handgun (serial no. DSN3056).

**Kilogram Cocaine Controlled Purchase**

12. On or about April 1, 2026, UC2 communicated with **DE JESUS CARIAS** using the TARGET TELEPHONE 2 to coordinate a kilogram cocaine transaction scheduled for the following day.

13. On the morning of April 2, 2026, the UC began communicating with **DE JESUS CARIAS** via text messages using the TARGET TELEPHONE 2 regarding the planned purchase of a kilogram of cocaine. **DE JESUS CARIAS** told the UC that the meet location was at the Bodegon Supermarket located at 4704 Forest Hill Blvd, West Palm Beach, FL. **DE JESUS CARIAS** advised that the cocaine source was arriving and **DE JESUS CARIAS** would be driving a Jeep Gladiator.

14. At approximately 11:18 AM, the UC accompanied by an Alcohol Tobacco and Firearms Special Agents acting in an undercover capacity (UC2) arrived in the parking lot of El Bodegon located at Supermarket located at 4704 Forest Hill Blvd, West Palm Beach, FL. Upon parking the vehicle, the UC met **DE JESUS CARIAS** while seated in the front seat of the Jeep Gladiator. The UC provided **DE JESUS CARIAS** $18,500 in U.S currency in exchange for a kilogram of cocaine that was inside a brown bag that was in a multi-color birthday bag. The white

powdered substance inside of the suspected kilogram weighed approximately 1238.5 grams and field tested positive for the presence of cocaine and packaged weight.

## CONCLUSION

15. Based on the facts and information set forth in this affidavit, your affiant respectfully submits that there is probable cause to believe **DE JESUS CARIAS** and **GOMEZ-PERALTA** committed the criminal offenses of distribution of a controlled substance, in violation of 21 § 841 (a)(1) and conspiracy to distribute a controlled substance, in violation of 21 U.S.C. § 846, and DE JESUS CARIAS committed the criminal offense of possession of a firearm during and in relation to a drug trafficking crime, in violation of Title 18, U.S.C. 924(c) (1) (A).

Andrea P. Boone

ANDREA P. BOONE
Special Agent
Drug Enforcement Administration

Sworn and Attested to me by Applicant by Telephone (Facetime) pursuant to Fed. R. Crim. P. 4(d) and 4.1 this 25th day of August, 2026.

Bruce Reinhart

BRUCE E. REINHART
UNITED STATES MAGISTRATE JUDGE

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

PENALTY SHEET

**Defendant's Name**: **Javier De Jesus Carias**

**Case No**: 26-mj-8670-BER

Count #: 1

Distribution of a Controlled Substance

21 U.S.C. § 841(a)(1)
* **Max. Term of Imprisonment:** 20 years
* **Mandatory Min. Term of Imprisonment (if applicable):** N/A
* **Max. Supervised Release:** no less than 3 years
* **Max. Fine:** $1,000,000

Count #: 2

Conspiracy to Distribute a Controlled Substance

21 U.S.C. § 846
* **Max. Term of Imprisonment:** 20 years
* **Mandatory Min. Term of Imprisonment (if applicable):** N/A
* **Max. Supervised Release:** no less than 3 years
* **Max. Fine:** $1,000,000

Count #: 3

Use and Possession of a Firearm in Furtherance of a Drug Trafficking Crime

18 U.S.C. § 924(c)
* **Max. Term of Imprisonment:** Life
* **Mandatory Min. Term of Imprisonment (if applicable):** 5 years
* **Max. Supervised Release:** 5 years
* **Max. Fine:** $250,000

***Refers only to possible term of incarceration, supervised release and fines. It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

PENALTY SHEET

**Defendant's Name**: **Exon Gomez-Peralta**

**Case No**: 26-mj-8670-BER

Count #: 1

Distribution of a Controlled Substance

21 U.S.C. § 841(a)(1)
* **Max. Term of Imprisonment:** 20 years
* **Mandatory Min. Term of Imprisonment (if applicable):** N/A
* **Max. Supervised Release:** no less than 3 years
* **Max. Fine:** $1,000,000

Count #: 2

Conspiracy to Distribute a Controlled Substance

21 U.S.C. § 846
* **Max. Term of Imprisonment:** 20 years
* **Mandatory Min. Term of Imprisonment (if applicable):** N/A
* **Max. Supervised Release:** no less than 3 years
* **Max. Fine:** $1,000,000

***Refers only to possible term of incarceration, supervised release and fines. It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.**